TüRley J.
delivered the opinion of the court.
It is evident, that the agent of the plaintiff and the circuit court, have considered this to be a contract falling within the provisions of the act of 1807, c. 95, which says, “that in all contracts hereafter made for the payment or delivery of property, if the time- and place, or either, be not ascertained in the contract, it shall be the duty of the payee to give the payor ten days notice of the time or place, or both, as the case may require, for the payment or delivery of 'such property; and that no action shall be maintained on any such contract, until such notice be given, or demand made at the us'üal residence of the payor.”
Had it been such a contract, the charge of the court would have been correct. • But this is no contract for the payment or delivery of property; it is a contract for money, which, to be sure, the defendant reserved to himself the option of discharging either in a horse or cash notes; but he does'not contract that he will do so, and the plaintiff had no right to demand either of them from him. The act of 1807, c. 95, was only intended to apply to cases where property was the direct and immediate object of the contract, not to cases like the present, where money is the thing contracted for, and the payment of property collateral thereto. On the day this covenant fell due, if the defendant had tendered the money, plaintiff could not have replied that he contracted for property, and not money, but would have been bound by the tender. But if it had been a contract for property, a tender of money hrdischarge thereof, would not have been good, because mo *29 ney was not the obiect of the contract, but collateral to it. Such covenants as this, have never been decided to be for property by our courts. 2 he case which comes nearest doing so, is Lawrence vs. Dougherty and Green, 5 Yer. 435. The note in that case was for money, which might he discharged in cotton; it had been endorsed, and the endorser was sued as being liable by the law merchant upon the dishonor of the note; he defended himself by saying, that the note was not negotiable, and that he made no express contract by which he bound himself as the endorser thereof. The court determined that the paper was not negotiable, and that without a special contract the endorser was not responsible. It was not necessary in that case to have determined whether the note was evidence of a property contract or not, it was sufficient, that it was not for the direct and absolute payment of money. The court, though, say, “the first question is, was the note declared upon a property contract.” We clearly think that the contract was for cotton, and in the ordinary form of most securities for property. This is not a direct determination that it was a property contract, though, perhaps, it may be considered as indicating an opinion that it was. If it be so considered, highly as we estimate the'ability of the judge who delivered the opinion, we are constrained to dissent therefrom, for the reasons which we have assigned.
It is determined in the case of Bloomfield vs. Hancock, 1 Yerg. 101, that debt will lie upon such contracts; which it will not do upon contracts for the delivery of property, because damages are unliquidated. This, then, being a contract for money, which the payor had reserved a privilege of discharging in property, it necessarily follows, that, having permitted the day appointed therefor, to pass_ without having done so, the right so to do is gone forever, and he is comr pelled to pay the money. The right of the parties were fixed on the day the covenant fell due; and the notice given by the agent of the plaintiff under a misapprehension of the nature of his contract, and the consequent tender, does not alter them. The contract had become an absolute money debt by the neglect of the defendant, and his tender comes too late. It was no defence to the action. The charge of the *30 court is therefore erroneous, and the judgment must be reversed and the cause remanded to Wayne circuit court for a new trial.
Judgment reversed.